UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:24-cv-80173-LEIBOWITZ/MCCABE

**APR ENERGY, LLC**,

    *Plaintiff*,

v.

**AMERICAN POWER HOLDINGS, LLC,** *et al.*,

    *Defendant*.

_____/

## ORDER

**THIS CAUSE** is before the Court on Plaintiff's Motion for Leave to Amend Verified Complaint (the "Motion") [ECF No. 118], filed on January 24, 2025. Defendants[1] submitted a joint response to the Motion (the "Response") [ECF No. 175], and Plaintiff submitted a reply (the "Reply") [ECF No. 178]. The Court has reviewed the parties' arguments, the record, and the relevant legal authorities. For the reasons stated below, the Motion [ECF No. 118] is **GRANTED**.

**I.**    **BACKGROUND**

On February 15, 2024, Plaintiff filed its Verified Complaint in this action against Defendants. [ECF No. 1]. On February 28, 2024, Plaintiff filed its Motion for Preliminary Injunction. [ECF No. 12]. On May 2, 2024, Defendants filed their Joint Motion to Dismiss the Verified Complaint. [ECF No. 60]. On June 6, 2024, the Court set an evidentiary hearing on Plaintiff's Motion for Preliminary Injunction for July 17, 2024. [ECF No. 70]. On June 24, 2024, the Court rescheduled the evidentiary

---

[1]    Defendants American Power Holdings, LLC, American Power Resources LLC, American Power Realty LLC, APR Renewables LLC, APR Green Assets LLC, APR Green Data LLC, and Adanan Javan are referred to as the American Power Defendants. The American Power Defendants and Defendant Benjamin Church are collectively referred to as the Defendants.

hearing for July 22, 2024 and July 23, 2024 due to the parties requiring more time for the hearing than the Court anticipated. [ECF No. 77]. On July 12, 2024, the parties moved to cancel the evidentiary hearing and to extend all deadlines in this matter by forty-five (45) days in order to pursue a tentative settlement of all disputes between them. [ECF No. 90]. The Court granted the motion and required the parties to provide an update to the Court on the status of the settlement no later than August 16, 2024. [ECF No. 91]. Plaintiff's Motion for Preliminary Injunction [ECF No. 12] and Defendants' Joint Motion to Dismiss [ECF No. 60] were denied without prejudice as a result of the tentative settlement. [ECF No. 92].

On August 16, 2024, the parties notified the Court that they had continued to attempt to resolve the matter but had been unable to do so and negotiations were ongoing. [ECF No. 95]. The parties requested the Court allow them additional time to seek a resolution after completing a mediation. [*Id.*]. The Court granted the motion and ordered the parties to provide an update to the Court on the status of settlement no later than September 11, 2024. [ECF No. 96]. On September 11, 2024, the parties notified the Court of the mediation set for September 23, 2024, and requested the Court allow them additional time to seek a resolution. [ECF No. 97]. The Court then ordered the parties to provide an update to the Court on the status of the settlement no later than October 23, 2024. [ECF No. 98]. On September 23, 2024, the parties completed mediation, which resulted in an impasse. [ECF No. 99 ¶ 6]. The Court then ordered the parties to file any previously pending motions and advise the Court as to whether any changes needed to be made to the schedule no later than October 18, 2024. [ECF No. 100]. On October 18, 2024, Defendants filed their Renewed Motion to Dismiss [ECF No. 101], and Plaintiff filed its Renewed Motion for Preliminary Injunction [ECF No. 103].

On December 16, 2024, Defendant Benjamin Church moved for an enlargement of time to amend and/or supplement his pleadings to thirty (30) days after the Court's ruling on Defendants'

Renewed Joint Motion to Dismiss because the deadline to amend or supplement the pleadings would expire on December 20, 2024. [ECF No. 114]. The Court granted the motion. [ECF No. 116].

On January 2, 2025, the Court set an evidentiary hearing on Plaintiff's Renewed Motion for Preliminary Injunction for March 4, 2025 and March 5, 2025. [ECF No. 117]. On January 24, 2025, Plaintiff filed the instant Motion for Leave to File Amended Verified Complaint. [ECF No. 118]. Plaintiff contends that a recent asset purchase by the proposed new Plaintiff "New APR Energy LLC" altered the legal relation between the parties—warranting the addition of New APR Energy LLC to the lawsuit and the amendment of existing claims. [*Id.* at 3]. On February 7, 2025, Defendants moved for an extension of time to respond to the instant Motion citing a potential ethical issue due to American Power Defendants' counsels' discovery that New APR Energy LLC's ultimate parent company is a client of American Power Defendants' counsel. [ECF No. 137]. Thus, American Power Defendants' counsel sought additional time to research and address these issues. [*Id.* ¶ 6]. The Court granted the motion. [ECF No. 138].

On February 14, 2025, American Power Defendants' counsel filed an unopposed motion to withdraw as counsel citing the conflict of interest that it alerted the Court to in its previous motion [ECF No. 137]. [ECF No. 140]. American Power Defendants' counsel sought sixty (60) days for American Power Defendants to retain new counsel and to continue the preliminary injunction hearing set for March 4, 2025 and March 5, 2025 and other deadlines until new counsel is retained. [ECF No. 140 ¶ 8]. The Court granted the motion and canceled the March 4, 2025 and March 5, 2025 preliminary injunction hearing. [ECF No. 142].

The Court subsequently ordered substitute counsel for American Power Defendants to respond to the instant Motion within fourteen days of filing its notice of appearance. [ECF No. 149]. Following American Power Defendants' new counsel filing an appearance, the Court scheduled a status conference on April 22, 2025. [ECF No. 159]. At the status conference, the Court denied as

3

moot Defendants' Renewed Joint Motion to Dismiss [ECF No. 101] and Plaintiff's Renewed Motion for Preliminary Injunction [ECF No. 103]. [ECF No. 168 ¶¶ 1–2]. Following the status conference, Defendants filed their Response in opposition to the instant Motion [ECF No. 175], and Plaintiff filed its Reply in support of the Motion [ECF No. 178].

## II.    LEGAL STANDARD

Rule 15(a) of the Federal Rules of Civil Procedure provides that "[a] party may amend its pleading once as a matter of course" and "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a). Rule 15(a) also provides that "[t]he court should freely give leave when justice so requires." *Id.* Even so, granting leave to amend "whenever 'justice so requires' … is not an automatic right." *Faser v. Sears, Roebuck & Co.*, 674 F.2d 856, 859–60 (11th Cir. 1982) (cleaned up). Indeed, district courts have "extensive discretion" in deciding whether to grant leave to amend and may choose not to allow a party to amend "when the amendment would prejudice the defendant, follows undue delays, or is futile." *Hargett v. Valley Federal Sav. Bank*, 60 F.3d 754, 761 (11th Cir. 1995); *Campbell v. Emory Clinic*, 166 F.3d 1157, 1162 (11th Cir. 1999).

"[D]enial of leave to amend is justified by futility when the 'complaint as amended is still subject to dismissal.'" *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999) (citing *Halliburton & Assocs., Inc. v. Henderson, Few & Co.*, 774 F.2d 441, 444 (11th Cir. 1985)). When a claim, as amended, is "insufficient as a matter of law," a motion for leave to amend can be properly denied as futile. *Id.* The test applied to determine futility of an amended complaint is the same as that applied under Rule 12(b)(6) of the Federal Rules of Civil Procedure governing dismissal for failure to state a claim. *See Christman v. Walsh*, 416 F. App'x 841, 844 (11th Cir. 2011).

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need

4

detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

When reviewing a motion under Rule 12(b)(6), as a general rule a court must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration All.*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009). However, this tenet does not apply to legal conclusions, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *see Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cnty. Sheriff's Off.*, 449 F.3d 1342, 1352 (11th Cir. 2006). "[T]he court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993) (citations omitted).

Through this lens, the Court considers the Motion.

### III. DISCUSSION

In its Motion, Plaintiff contends that a recent asset purchase by the proposed new Plaintiff, New APR Energy LLC, altered the legal relation between the parties—warranting the addition of New APR Energy LLC to the lawsuit and the amendment of existing claims. [ECF No. 118 at 3]. Plaintiff

argues that because the Court extended the time for the parties to amend their pleadings to within thirty (30) days of the Court's ruling on Defendants' Renewed Joint Motion to Dismiss, this Motion is timely as the Court has yet to rule on the Motion to Dismiss. [*Id.* at 2]. Plaintiff notes that this is Plaintiff's first request to amend its Verified Complaint and that permitting Plaintiff to amend will not cause Defendants any prejudice. [*Id.*]. Plaintiff further contends that its Motion is made in good faith, is not intended to delay these proceedings, and is consistent with the preference in Rule 15 that disputes be resolved on the merits. [*Id.* at 2–3].

Defendants argue in response that Defendants will be prejudiced if the Court allows Plaintiff to abandon its frivolous claims in the absence of a dismissal with prejudice of those claims. [ECF No. 175 at 8]. Furthermore, Defendants argue that they oppose the Motion on the merits pursuant to Rule 15 of the Federal Rules of Civil Procedure based on the relevant factors, namely undue delay, prejudice, and bad faith. [*Id.* at 8]. Lastly, Defendants argue that the claims in the Amended Verified Complaint are futile because they would be properly dismissed under Rule 12(b)(6) as a jumbled amalgam of unrelated claims plagued by shotgun pleading deficiencies, lack of standing pitfalls (as APR Energy does not own any of the subject trademarks), and a failure to allege a viable claim for relief. [*Id.*]. Defendant notes that if the Court is inclined to allow any of the claims in the Verified Amended Complaint to proceed, Defendants request that before allowing those claims to proceed under Rule 15 that the Court dismiss the abandoned claims with prejudice. [*Id.* at 8–9]. The Court considers each of Defendants' arguments in turn and will address Plaintiff's arguments raised in response in its Reply.

### A. Abandoned Claims

Fifteen days prior to Plaintiff filing this Motion, Defendants served Plaintiff with a Rule 11 letter asserting that Plaintiff's claims were frivolous. [*Id.* at 9 n.3]. Defendants therefore first argue that the timing of Plaintiff's Motion is no coincidence. [*Id.*]. Defendants attached a copy of the Rule

6

11 letter to their Response. [ECF No. 175-1]. Plaintiff argues in its Reply that Defendants' Rule 11 attachment is procedurally inappropriate. [ECF No. 178 at 5].

Rule 11(c)(2) of the Federal Rules of Civil Procedure provides that "[a] motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Fed. R. Civ. P. 11(c)(2). The Notes of Advisory Committee on Rules—1993 Amendment further state that "[i]f during this period, the alleged violation is corrected, as by withdrawing (whether formally or informally) some allegation or contention, the motion should not be filed with the court."

Plaintiff argues that while its Amended Verified Complaint is not a reaction to Defendants' meritless Rule 11 motion, the Amended Verified Complaint withdraws (whether formally or informally) allegations or contentions raised in the Rule 11 motion, and therefore the Rule 11 motion should not have been filed with the Court. [ECF No. 178 at 5]. The Court agrees. By seeking to amend its Verified Complaint, Plaintiff's Motion withdrew some allegations or contentions raised in the Rule 11 motion, such that the Rule 11 motion should not have been filed with the Court. Defendants' Rule 11 motion filed at ECF No. 175-1 is hereby STRICKEN from the record. Defendants are on notice that they shall comply with both the Federal Rules of Civil Procedure and the Local Rules for the United States District Court for the Southern District of Florida moving forward.

Defendants next argue that the abandoned claims (the claims in the operative Verified Complaint which are no longer at issue or being asserted in the Amended Verified Complaint) should be dismissed with prejudice. [ECF No. 175 at 14]. The Court disagrees. Defendants cite *HNA Sweden Hosp. Mgmt. AB v. Equities First Holdings, LLC*, No. 119CV02452JRSMPB, 2020 WL 13574983, at *1

7

(S.D. Ind. Dec. 8, 2020) in a footnote for the proposition that Plaintiff's abandoned claims should be dismissed with prejudice. [ECF No. 175 at 34 n.31]. However, in that case, plaintiffs were on a third amended complaint whereas here, this is Plaintiff's first amendment. The *HNA Sweden* court also found that the defendant would suffer prejudice absent dismissal with prejudice because of the time, effort, and expense defendant had spent defending against the ten discarded claims—including the resources associated with filing two motions to dismiss. *HNA Sweden Hosp. Mgmt. AB*, 2020 WL 13574983, at *2. The Court does not find that to be the case here.

The Court has yet to rule on a motion to dismiss in this matter. Both Plaintiff and Defendants in this case have caused delays as illustrated in the Background section, and even though this case has been pending since February 15, 2024, both Plaintiff and Defendants requested at least eight more months of discovery—suggesting that this case is still in the early stages. [*See* ECF No. 174-1 at 3 (Proposed Joint Scheduling Order)]. Furthermore, the Eleventh Circuit has held that "plaintiffs must generally be given at least one chance to amend before their complaints are dismissed with prejudice." *Rance v. Winn*, 287 F. App'x 840, 841 (11th Cir. 2008). Thus, the Court does not find it proper to dismiss Plaintiff's abandoned claims with prejudice.

   **B. Rule 15 Factors**

Defendants next argue that they oppose the Motion on the merits pursuant to Rule 15 of the Federal Rules of Civil Procedure because Plaintiff engaged in undue delay and dilatory motive, acted in bad faith, and Defendants would be prejudiced and amendment would be futile. [ECF No. 175 at 15–34].

Rule 15(a) of the Federal Rules of Civil Procedure provides that "[a] party may amend its pleading once as a matter of course" and "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a). Rule 15(a) also provides that "[t]he court should freely give leave when justice so requires." *Id.* Even so, granting

8

leave to amend "whenever 'justice so requires' … is not an automatic right." *Faser*, 674 F.2d at 859–60 (cleaned up). Indeed, district courts have "extensive discretion" in deciding whether to grant leave to amend and may choose not to allow a party to amend "when the amendment would prejudice the defendant, follows undue delays, or is futile." *Hargett*, 60 F.3d at 761; *Campbell*, 166 F.3d at 1162.

### a. Undue Delay and Dilatory Motive

Defendants argue that Plaintiff engaged in undue delay and dilatory motive by not amending its claims earlier when Defendants first filed their initial motion to dismiss and because Plaintiff has known since late 2023 (or at least early 2024) that it intended to sell substantially all of its assets to a third party. [ECF No. 175 at 15–16]. The Court disagrees. Defendants' initial motion to dismiss was pending when the parties stipulated to the Court that they had reached a tentative settlement. At that point, it was likely that the case was being resolved and there was no need for amendment of Plaintiff's claims. When settlement did not materialize, Defendants simply refiled their motion to dismiss, and before the Court even had a chance to rule on the refiled motion to dismiss, this case was temporarily paused to allow Defendants to retain new counsel. Thus, the Court does not find that Plaintiff engaged in undue delay and dilatory motive.

### b. Bad Faith and Prejudicial Conduct

Defendants next argue that Plaintiff acted in bad faith based on the facts alleged in the Response's Procedural Background and Plaintiff's eleventh-hour withdrawal of the abandoned claims following the Defendants' Rule 11 letter. [*Id.* at 16]. Furthermore, Defendants argue that undue prejudice is at work because after over one year of wasted time and expense, Plaintiff seeks a complete restart of the case. [*Id.* at 17]. These arguments rest on the fact that Defendants believe that Plaintiff engaged in undue delay by not amending its claims sooner. As just stated, the Court disagrees that Plaintiff engaged in undue delay. Furthermore, the Court does not find that Plaintiff acted in bad faith such that the Rule 15 factors would weigh against allowing amendment here.

      **c. Futility**

Finally, Defendants argue that the Amended Verified Complaint is futile because Plaintiff lacks standing, the Amended Verified Complaint constitutes an impermissible shotgun pleading, and the claims in the Amended Verified Complaint would not survive a Rule 12(b)(6) attack. [*Id.* at 17–34]. Plaintiff argues in response that Defendants offer what amounts to a copy-paste of their merits briefs filed in their Motion to Dismiss and Response to APR Energy's Motion for Preliminary Injunction, which should be raised instead following the filing of the Amended Verified Complaint. [ECF No. 178 at 5].

"Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed[.]" *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007). Upon review of the Amended Verified Complaint and Defendants' arguments, the Court cannot conclude that amendment would be futile. The Court cannot say at this juncture that Plaintiff's claims would not survive a motion to dismiss such that amendment is futile here.

**IV.   CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion [**ECF No. 118**] is **GRANTED**. Plaintiff shall file its Verified Amended Complaint **no later than June 11, 2025**.

**DONE AND ORDERED** in the Southern District of Florida on June 4, 2025.

                                            DAVID S. LEIBOWITZ
                                            UNITED STATES DISTRICT JUDGE

cc:   counsel of record